IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| USA ENGLISH LANGUAGE CENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-00945 (RDA/JFA) |
| | ) | |
| ACCREDITATION COUNCIL FOR | ) | |
| CONTINUING EDUCATION AND | ) | |
| TRAINING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on Defendant Accrediting Council for Continuing Education and Training, Incorporated's ("ACCET") Motion to Dismiss pursuant to Federal Rule of Civil Procedure12(b)(6). Dkt. 30. Considering Plaintiff USA English Language Center's ("USAELC") First Amended Verified Complaint for Damages and Equitable Relief ("Amended Complaint"), the Motion to Dismiss, Memorandum in Support, Plaintiff's Opposition to Defendant's Motion to Dismiss, Defendant's Reply in Support of its Motion to Dismiss, and argument on October 25, 2019, this Court GRANTS Defendant's Motion to Dismiss on all counts for the reasons stated below, and further ORDERS that all counts of this case are hereby DISMISSED with prejudice. Dkts. 23, 30, 31, 33, 34.

## I. BACKGROUND

### A. Factual Background

Plaintiff USAELC is a postsecondary school offering English language courses. Dkt. 23. In December of 2013, Plaintiff was accredited by Defendant ACCET, a nationally-recognized accreditation body that is formally certified by the United States Department of Education

("DOE"). Dkt. 23. In late 2016, Plaintiff's initial three-year accreditation was set to expire. Dkt. 23. Accordingly, in early December 2016, Plaintiff applied for reaccreditation through Defendant in early 2016. Dkt. 23. After a review process that lasted throughout 2017 and 2018, on December 28, 2018, Defendant denied Plaintiff's application for reaccreditation. Dkt. 23, Ex. F.

In support of its decision to deny reaccreditation, Defendant sent Plaintiff a letter detailing why Defendant decided not to reaccredit Plaintiff, and how Defendant came to that decision. Dkt. 23, Ex. F. Defendant explained that the decision was

> based upon a careful review and evaluation of [Plaintiff's] Analytic Self-Evaluation Report (ASERT), the on-site team visit report . . . , . . . [Plaintiff's] response to that report . . ., as well as the follow-up visit team report . . . , . . . the response to that report . . . , and [Plaintiff's] interim report.

Dkt. 23 Ex. F, 1. Essentially, Defendant declined to reaccredit Plaintiff because "[Plaintiff] had failed to adequately demonstrate compliance with respect to [11 of Defendant's] standards, policies and procedures." Dkt. 23 Ex. F, 2. Specifically, Defendant did not comply with standards regarding planning; governance; human resource management; financial procedures; educational goals and objectives; instructional methods; learning resources, equipment, and supplies; supervision of instruction; attendance; student progress; and student satisfaction. Dkt. 23 Ex. F, 2-20.

Following receipt of Defendant's decision, Plaintiff appealed the denial of reaccreditation to Defendant's reviewing panel. Dkt. 23. On August 23, 2019, Defendant's reviewing panel unanimously affirmed the decision to deny Plaintiff reaccreditation and terminated Plaintiff's accreditation effective immediately. Dkt. 23, Ex. N. In its letter informing Plaintiff of the outcome of the appeal, Defendant noted that "the appeals panel found that [Plaintiff] failed to provide documented evidence to demonstrate compliance with . . . [11 of Defendant's] Standards for Accreditation . . . . . . ." Dkt. 23, Ex. N.

## B. Procedural Background

On July 19, 2019, Plaintiff filed a complaint in this Court against Defendant alleging the following: (1) denial of due process in violation of 34 C.F.R. § 602.25; *accord* 20 U.S.C. § 1099b(a)(6); (2) breach of contract; and in the alternative to its breach of contract claim, (3) tortious negligence. Dkt. 1. On August 20, 2019, Defendant filed a Motion to Dismiss all three claims, arguing that Plaintiff did not adequately state a claim for relief pursuant to the requirements of Federal Rule of Evidence 12(b)(6). Dkts. 13, 14. On August 29, 2019, Plaintiff then filed a Motion for Leave to Amend its July 19, 2019 complaint, which the Court granted. Dkts. 18, 19, 22. Also, on August 29, 2019, Plaintiff filed a Motion for a Temporary Restraining Order and/or an Emergency Preliminary Injunction ("TRO Motion"). Dkts. 20, 21.

On September 4, 2019, Plaintiff filed its Amended Complaint against Defendant. Dkt. 23. The Amended Complaint alleged two counts of denial of due process in violation of 34 C.F.R. § 602.25, *accord* 20 U.S.C. § 1099b(a)(6), breach of contract, and in the alternative to its breach of contract claim, negligence. Dkt. 23. On September 5, 2019, this Court heard argument on Plaintiff's TRO Motion and denied that motion after taking the matter under advisement. Dkt. Nos. 24, 29. Finally, on September 18, 2019, Defendant filed a Motion to Dismiss all four counts of Plaintiff's Amended Complaint, maintaining that Plaintiff still had not adequately stated a claim for relief under Federal Rule of Civil Procedure 12(b)(6). Dkts. 30, 31. Defendant moved that this Court dismiss Plaintiff's Amended Complaint with prejudice. Dkt. 31. This matter has been fully briefed and argued and is now ripe for disposition.

## II. STANDARD OF REVIEW

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the

complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (internal citations omitted); *see* Fed. R. Civ. P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555. A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Id.* To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." *Id.*; *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *E. Shore Mkts., Inc. v J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995); *see also E. Shore Mkts., Inc.*, 213 F.3d at 180 ("[w]hile we must take the facts in the light most favorable to the plaintiff, we need not accept the legal conclusions drawn from the facts . . . . [s]imilarly, we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.").

4

### III. ANALYSIS

#### A. Counts One and Two

This Court grants Defendant's Motion to Dismiss Counts One and Two of Plaintiff's Amended Complaint because Plaintiff has failed to plead sufficient facts that support its claim that Defendant denied Plaintiff due process.

Count One of Plaintiff's Amended Complaint asserts that Defendant denied Plaintiff due process, in violation of 34 C.F.R. § 602.25; *accord* 20 U.S.C. § 1099b(a)(6), when Defendant declined Plaintiff's request for reaccreditation "capricious[ly,]" "arbitrary[ly,]" with "bias," and in contradiction with Defendant's internal complaint policy.[1] Dkt. 23, 13, 14, Ex. M.

Count Two of Plaintiff's Amended Complaint argues Defendant's internal complaint policy,[2] both on its face and as applied, denied Plaintiff due process in violation of 34 C.F.R. § 602.25(a); *accord* 20 U.S.C. § 1099b(a)(6). Dkt. 23, 59-63. Plaintiff makes a facial attack on Defendant's internal complaint policy by articulating that "[Defendant's] [c]omplaint [p]olicy[,] . . . Exhibit B, violates the concept of due process in allowing for the filing of anonymous complaints without substantiation . . ." Dkt. 23, 60, Ex. B. Plaintiff then declares that Defendant's application of its complaint policy denied Plaintiff due process because Defendant "appl[ied] its standards to [Plaintiff] in ways that [were] unfair and inconsistent with the ways in which it . . . applied those standards to other similarly situated English language schools . . . ." Dkt. 23, 61. Plaintiff claimed seven ways in which Defendant's noncompliance with its complaint

---

[1] Exhibit M of the Plaintiff's Amended Complaint is entitled "Policy and Procedure for Processing Complaints Initiated Against [Defendant]." Dkt. 23, Ex. M.

[2] Plaintiff also attached to its Amended Complaint Exhibit B, which is entitled "Policy for Processing Complaints Against [Defendant's] Accredited Institutions and Application Institutions," alleging that this exhibit also encompasses Defendant's internal complaint policy. Dkt. 23, Ex. B.

policy "resulted in a denial of due process to [Plaintiff] and contributed to the [Defendant's] decision to deny reaccreditation to [Plaintiff] . . . ." Dkt. 23, 62, 63.

Conversely, Defendant urges that both of Plaintiff's due process claims do not pass 12(b)(6) muster because "even accepting [Plaintiff's] allegations . . . as true[,] . . . those allegations have no bearing on [Plaintiff's] alleged injury, which is the denial of reaccreditation." Dkt. 31, 4.

Accreditation agencies are not state actors, and as such, are not governed by the "strictures of constitutional due process requirements." *Prof'l Massage Training Ctr., Inc. v. Accreditation All. of Career Schs. and Colls.*, 781 F.3d 161, 169 (4th Cir. 2015). Yet, accreditation agencies are not totally "free of judicial oversight," and as such, agencies must still adhere to fundamental principles of fairness. *Id.* (finding accreditation agencies owe their members a duty "to play it straight"); *see also Med. Inst. of Minn. v. Nat'l Ass'n of Trade & Tech. Schs.*, 817 F.2d 1310, 1314 (8th Cir.1987) (holding accreditation agencies "nevertheless must conform [their] actions to fundamental principles of fairness.").

The Court of Appeals for the Fourth Circuit has adopted the view that when determining whether an accreditation agency has conformed to fundamental principles of fairness, federal district courts are "authorized to consider 'only whether the decision of an accrediting agency . . . is arbitrary and unreasonable or an abuse of discretion and whether the decision is based on substantial evidence.'" *Prof'l Massage*, 781 F.3d at 171 (*quoting Thomas M. Cooley Law Sch. v. Am. Bar Ass'n*, 459 F.3d 705 (6th Cir. 2006)). Under this framework, courts are not permitted to substitute their own judgment for "the professional judgment of the educators involved in the accreditation process." *Id.* (noting "[a]lthough judicial oversight of the accreditation process surely has its place, it is not realistic to think courts possess either the expertise or the resources to perform the accreditation function *ab initio*.") (internal citation omitted).

6

Therefore, when determining whether an accrediting agency has violated its common law due process obligations, courts must decide "whether the accrediting body's internal rules provided a fair and impartial procedure and whether [the accrediting body] followed its rules in reaching its decision," concerning its member. *Id.* at 172 (internal citations omitted).

*Prof'l Massage Training Ctr., Inc. v. Accreditation All. of Career Schs. And Colls.*, is also instructive regarding the applicable standard where a member institution alleges that an accrediting agency denied it due process because of the bias of one of the accrediting agency's staff members. 781 F.3d 161, 177-80 (4th Cir. 2015). It is well-settled that a fundamental element of common law due process is an impartial decision maker. *Id.* at 177 (4th Cir. 2015); *see also Withrow v. Larkin*, 421 U.S. 35, 46-47 (1975) (applying the due process requirement of an unbiased tribunal to administrative agencies). As such, "[a] federal court may be justified in conducting a more searching inquiry into the motivations of administrative decisionmakers in the case of 'a strong showing of bad faith or improper behavior.'" *Id.* at 177-78 (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

Administrative decisionmakers are presumed to be honest and have integrity. *Prof'l Massage*, 781 F.3d at 178. However, this presumption may be overcome in certain situations that "'have been identified in which experience teaches that the probability of actual bias on the part of the [agency] is too high' to allow the adjudicator to consider the case." *Id.* (quoting *Withrow*, 421 U.S. at 47). The potential for bias is too great when an "adjudicator has a pecuniary interest in the outcome and . . . has been the target of [prior] personal abuse or criticism from the party before him." *Prof'l Massage*, 781 F.3d at 178 (internal citations omitted); *see also Wards Corner Beauty Acad. v. Nat'l Accrediting Comm'n of Career Arts & Scis.*, 922 F.3d 568, 574 (4th Cir.

7

2019) (finding the relevant inquiry for a due process claim alleging bias is "not . . . [whether] the adjudicator was actually influenced by the alleged pecuniary interest . . . [i]nstead the question is whether sitting on that case 'would offer a possible temptation to the average . . . judge to. . . lead him not to hold the balance nice, clear[,] and true.") (quoting *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 879 (2009). However, "'expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display" are not sufficient "to establish[ ] bias or partiality.'" *Prof'l Massage,* 781 F.3d at 178 (quoting *Liteky v. United States,* 510 U.S. 540, 555-56 (1994); *see also Consolidation Coal Co. v. Williams,* 453 F.3d 609, 620 (4th Cir. 2006) (finding "the tone and tenor of frustration expressed in [an agency member's] comments do not, in and of themselves, establish bias").

In *Prof'l Massage,* Professional Massage Training Center, Incorporated ("PMTC") brought suit against Accreditation Alliance of Career Schools and Colleges ("AACSC"). 781 F.3d at 168, 178-79. PTMC argued, in part, that despite three ways in which it failed to comply with AACSC's policies, PMTC was denied due process because biased staff members made the decision to withdraw PTMC's accreditation. *Prof'l Massage,* 781 F.3d at 168, 178-79. Specifically, PMTC maintained that emails and other evidence presented at trial showed AACSC staff members to have "disdain for PMTC," making the decision to deny PMTC reaccreditation with AACSC biased and a denial of due process. *Id.* at 178. In that case, PMTC further contended that not only did the emails show bias, but ACCSC was demonstrably biased because "[one of ACCSC's staff members] failed to present [ACCSC's deciding body with] two binders that [PMTC] provided her during [an] on-site visit, and . . . she instead took them to her home and destroyed them." *Id.*

8

On appeal, PMTC contended that this "bias against the school on the part of the ACCSC staff members justified a less deferential inquiry into the agency's decision making and resulted in a denial of due process owed to the school." *Id.* at 177. However, when this case was considered by the Court of Appeals for the Fourth Circuit, the court found that "there was not sufficient evidence that ACCSC was motivated by bias to justify departure from the deferential standard ordinarily due to the accreditation agency under a common law due process claim." *Id.* at 180. The court then held that because ACCSC did not arbitrarily or capriciously deny PMTC's reaccreditation, there had been no common law due process violation by ACCSC. *Id.*

### *1. Count One*

Plaintiff has not articulated sufficient facts in its Amended Complaint to support its claim that Defendant's decision not to reaccredit Plaintiff was arbitrary or capricious. On the face of its Amended Complaint, Plaintiff alleges that Defendant's

> [d]enial [d]ecision was arbitrary and capricious in that it was the result of a process influenced by biased [members of Defendant's staff] who had failed to follow [Defendant's] rules and who had created biased staff reports that were presented to and relied upon by [Defendant's] Commission in reaching the [d]enial [c]omission [sic].[3]

Dkt. 23, 55. Plaintiff then continues to argue that "[t]he [d]enial [d]ecision was arbitrary and capricious in that it was not supported by the entirety of the evidence before [Defendant's] Commission." *Id.* While Plaintiff uses the words "arbitrary" and "capricious" in its complaint, these are simply legal conclusions. Bearing in mind the standard for a 12(b)(6) motion to dismiss, the use of these legal conclusions, without facts to support them, is insufficient. *See Iqbal*, 556 U.S. at 678. The Court finds that Plaintiff has not pleaded facts to support its position.

---

[3] From what the Court surmises, based upon a complete reading of Plaintiff's Amended Complaint, it appears Plaintiff made a typographical error and meant to allege that Defendant "created biased staff reports that were presented to and relied upon by [Defendant's] Commission in reaching the Denial *Decision*." Dkt. 23, 55 (emphasis added).

To be sure, Plaintiff has pleaded facts that demonstrate Defendant's decision to deny Plaintiff accreditation was *neither* arbitrary nor capricious.  Plaintiff has attached several exhibits to its Amended Complaint, one of which is Exhibit F.  Dkt. 23 Ex. F.  Plaintiff describes Exhibit F as Defendant's "Denial Decision."  The Denial Decision provides that Defendant "voted to deny reaccreditation to [Plaintiff]

> based upon a careful review and evaluation of [Plaintiff's] Analytic Self-Evaluation Report (ASER), the on-site team visit report (visit conducted June 6-7, 2018), and [Plaintiff's] response to that report, dated July 26, 2018, as well as the follow-up visit team report (visit conducted October 5-6, 2018), and the response to that report, received on December 19, 2018, and [Plaintiff's] interim report, received October 1, 2018.

Dkt. 23 Ex. F.  The letter goes on to list 11 ways in which Plaintiff was not compliant with requirements Defendant set for its for its members including Defendant's Standards I-C: Planning; I-A: Governance; II-C: Human Resource Management; III-C: Financial Procedures; IC-A: Educational Goals and Objectives; V-A: Instructional Methods; V-B: Learning Resources, Equipment, and Supplies; VI-B: Supervision of Instruction; VIII-B: Attendance; VIII-C: Student Progress; and IX-A: Student Satisfaction. Dkt. 23 Ex. F.

Comparing Defendant's 11 substantial deficiencies to the facts of *Prof'l Massage*, where the Fourth Circuit concluded that "it would stretch the imagination . . . that [ACCSC] lacked substantial evidence to support its conclusion," this Court cannot find that Defendant's decision to deny Plaintiff reaccreditation was made in a capricious or arbitrary fashion.  781 F.3d at 176 (noting PTMC was noncompliant with three ACCSC standards).  Actually, the circumstances in *Prof'l Massage* involved far fewer deficiencies than exist here.

Further, Plaintiff's Amended Complaint fails because it neither on its face, nor in the attached exhibits, lays out exactly what Defendant's reaccreditation procedures are, nor does it allege that the procedures simply do not exist.  Instead, Plaintiff points to how Defendant's actions

10

were a "violation of . . . the spirit of Exhibit M," which appears to be Defendant's "Policy and Procedure for Processing *Complaints* Initiated Against [Defendant]." Dkt. 23, Ex. M (emphasis added). Significantly, Plaintiff has failed to articulate what Defendant's *accreditation procedures* are. *Id.* (emphasis added). Pursuant to *Prof'l Massage*, this Court is to determine "whether the accrediting body's internal rules provided a fair and impartial procedure and whether [the accrediting body] followed its rules in reaching its decision." *Prof'l Massage*, 781 F.3d at 172 (internal citations omitted). Yet, Plaintiff has not pointed to what Defendant's accreditation procedures are or how Defendant departed from them when it decided not to reaccredit Plaintiff. As such, Plaintiff's Amended Complaint has failed to plead sufficient facts.

Moreover, Plaintiff's declaration that Defendant's staff members were biased similarly fails. This Court must presume that the Defendant's staff members' decision to revoke Plaintiff's accreditation was honest and made with integrity. *Id.* at 178. Plaintiff has not pleaded sufficient facts to overcome that presumption. As Defendant pointedly articulated at argument on October 25, 2019 and in its Reply to Plaintiff's Supplemental Brief (Dkt. 40), Plaintiff has neither pleaded that any of Defendant's staff members had an actual or apparent pecuniary interest in whether Plaintiff lost its reaccreditation, nor has Plaintiff pleaded that Defendant was "the target of [prior] personal abuse or criticism" from Plaintiff. *Id.*; *see also Wards Corner*, 922 F.3d at 574.

Rather, Plaintiff, like PMTC, claims without any particularity or specificity that Defendant's executive director made "public, negative comments" about Plaintiff, and that was the source of the bias which caused Plaintiff to lose its accreditation. Dkt. 23, Ex. E. However, the mere suggestion of this disdain is insufficient to "depart from the deferential standard ordinarily due to the accreditation agency under a common law due process claim." *Prof'l Massage*, 781 F.3d at 178. Because this Court finds that Defendant did not act arbitrarily or

capriciously in denying Plaintiff's reaccreditation application, and because it is clear that Defendant revoked Plaintiff's accreditation based on substantial evidence, this Court grants Defendant's Motion to Dismiss Count One of Plaintiff's Amended Complaint.

### 2. Count Two

This Court grants Defendant's Motion to Dismiss with respect to Count Two of Plaintiff's Amended Complaint because Plaintiff has failed to plead sufficient facts to support its claim that Defendant's internal complaint policy and the enforcement thereof led to Plaintiff's denial of reaccreditation.  Count Two of Plaintiff's Amended Complaint generally asserts that Defendant's complaint policy on its face, and "[Defendant's] actions and omissions [with respect to enforcement of its [c]omplaint [p]olicy] resulted in a denial of due process to [Plaintiff] and contributed to the [Defendant's] decision to deny reaccreditation to [Plaintiff]." Dkt. 23.

However, Plaintiff has failed to articulate how Defendant's internal complaint policy on its face or as applied had any bearing on Defendant's decision not to reaccredit Plaintiff. As explained above (*supra*, p. 9-10), the decision was not based on the complaints filed against Plaintiff. Dkt. 23 Ex. F.  Defendant did not reaccredit Plaintiff because of the 11 significant ways in which Plaintiff failed to comply with Defendant's standards and the decision was not based on the complaints filed against Plaintiff. Dkt. 1, Ex. F.  As Defendant argues in its Memorandum in Support of its Motion to Dismiss,

> [t]here is no proximate connection between the denial of the application for renewed accreditation and the alleged deviations from the Complaint Policy. [Defendant's] decision to deny Plaintiff's renewal of accreditation application was exclusively based on the Plaintiff's failure to comply with [Defendant's] standards, policies, and procedures as set forth in the December 28, 2018 denial letter. Any issue that Plaintiff may take with respect to [Defendant's] following of its Complaint Policy is entirely unrelated to the due process that was followed in denying the application for renewal of accreditation, and there is nothing in the [Amended] Complaint that credibly contends otherwise.

Dkt. 31, 4 (internal citations omitted).  The Court agrees.  As such, Plaintiff has failed to plead sufficient facts to demonstrate that Defendant's alleged failure to comply with its internal complaint policy led to Plaintiff's denial of reaccreditation or that Defendant's decision in this regard was arbitrary or capricious as required by law.  Accordingly, this Court dismisses Count Two of Plaintiff's Amended Complaint.

### B. Count Three

The Court grants Defendant's Motion to Dismiss Court Three of Plaintiff's Amended Complaint because it fails to allege sufficient facts to support a plausible claim that Defendant's failure to adhere to its complaint policy caused Plaintiff to be denied reaccreditation.

Count Three of Plaintiff's Amended Complaint provides that Defendant's nonconformity with its own internal complaint policy is an unlawful breach of contract, from which Plaintiff now suffers damage. Dkt. 1.

However, Defendant argues that while it believes Plaintiff's attempt to assert its breach of contract claim is "an improper attempt to bring a state law claim as to an accreditation decision," based on the facts asserted in Amended Complaint, Plaintiff has failed to assert "viable breach of contract claim."[4]  Dkt. 31, 11-12.

Contract principles in the instant matter are governed by state law.  28 U.S.C. § 1652 (providing "[t]he laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."). *See, e.g.*, *Seneca Ins.*

---

[4] The Court notes that Defendant did not fully state the proper standard of review on pages 11 and 12 of its Memorandum in Support of its Motion to Dismiss. Dkt. 31, 11, 12. However, the Court notes that Defendant did articulate the full and proper standard of review on page three of the same document and reiterated the complete and accurate standard on pages two and three of its Reply in Support of its Motion to Dismiss. Dkt. 31 at 3 and Dkt. 34 at 2-3. Reading both Defendant's Memorandum and Reply in Support of its Motion to Dismiss as a whole, the Court gleans that the argument above is Defendant's position on Plaintiff's breach of contract claim.

*Co. v. Shipping Boxes I, LLC*, 30 F.Supp.3d 506, 509 (E.D. Va. 2014) (applying Virginia state law to address a contract claim in federal court). To successfully allege breach of contract under Virginia law, a plaintiff must show: "'(1) a legal obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of obligation; and (3) injury or damage to the plaintiff caused by the breach of [the] obligation.'" *Seneca Ins. Co.*, 30 F.Supp.3d at 509 (quoting *Filak v. George*, 267 Va. 612, 619 (Va. 2004).

In the instant matter, Defendant's Motion to Dismiss Plaintiff's breach of contract claim is granted because Plaintiff has failed to sufficiently plead the critical element of causation. Defendant maintains, Plaintiff's "breach of contract claim . . . is substantially similar to its denial of due process claims [, as it is] based primarily on the assertion that [Defendant] did not follow is policies and procedures, and particularly its [c]omplaint [p]olicy, in denying [Plaintiff's] reaccreditation application." Dkt. 31, 11. Defendant is correct. As reasoned above (*supra*, p. 9-10), Defendant's pleadings and attached exhibits establish that the denial of reaccreditation was based upon evidence revealing serious deficiencies and shortcomings within Plaintiff's school. Even viewing the Amended Complaint in the light most favorable to Plaintiff, Plaintiff does not provide the Court with sufficient facts to show how the complaints filed against it caused Defendant to decide not to reaccredit Plaintiff.[5] Therefore, this Court grants Defendant's Motion to Dismiss Plaintiff's Amended Complaint with respect to Count Three.

---

[5]As argued in Plaintiff's Opposition brief, the Fourth Circuit has not yet held that breach of contract claims are preempted or prohibited in actions challenging accreditation decisions. This Court, however, notes that in *Career Care Inst., Inc. v. Accrediting Bureau of Health Educ. Sch, Inc.*, the breach of contract and negligence allegations were "state law claims that are not expressly or by necessary implication preempted by the [Higher Education Act]." No. 1:08-cv-118, 2009 WL 742532 (E.D. Va. Mar. 18, 2009). However, the Court in this case need not rule on whether such claims would be preempted because the Court dismisses each of Plaintiffs claims for the reasons stated above.

### C. Count Four

This Court grants Defendant's Motion to Dismiss Count Four of Plaintiff's Amended Complaint because Plaintiff has failed to plead sufficient facts to support its claim that Defendant owed it a duty distinct from its contractual obligations to Plaintiff.

Count Four of Plaintiff's Amended Complaint maintains that Defendant's failure to adhere to its complaint policy was negligent, and consequently "[Plaintiff] has incurred damages . . . ." Dkt. 23.

Defendant counters that the Amended Complaint "fails to state a claim for negligence on which any relief may be granted as a matter of law," because the duties which Plaintiff alleges Defendant owed it, "[arose] out of the contractual relationship between the parties." Dkt. 31, 12.

"In determining whether a cause of action sounds in contract or tort, the source of the duty violated must be ascertained." *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 256 Va. 553, 558 (Va. 1998). A plaintiff may have a cognizable claim under both a tortious breach of duty and a breach of a contractual duty, but "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Id.*

Plaintiff, in its Amended Complaint, sets forth nine ways in which defendant negligently breached the "duties of care arising out of its status as a federally recognized accrediting agency and arising out of the duties, obligations, and promises it assumed under the parties' contract." Dkt. 23, 20. Plaintiff attempts to make a distinction between the duties Defendant owed Plaintiff by virtue of Defendant being an accrediting agency, and the alleged contractual duties Defendant owed Plaintiff. However, Plaintiff has not pleaded any facts to support its contention that these two obligations are distinct. But for the contract between Plaintiff and Defendant, Defendant would not owe Plaintiff a duty. Thus, this Court grants Defendant's Motion to Dismiss Count

Four of Plaintiff's Amended Complaint for failure to state sufficient facts to support a plausible claim for which relief may be granted.

### D. Plaintiff Will Not Have Leave to Amend the Amended Complaint

The Court will not give Plaintiff leave to amend its Amended Complaint. As the Fourth Circuit has held, "[l]eave to amend need not be given when amendment would be futile." *In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). During this proceeding, Plaintiff has already amended its original complaint, and yet, every claim for which it asserts fails to be supported by sufficient facts. Dkts. 19, 22, 23. The crux of each of Plaintiff's claims is that Defendant did not follow its internal complaint policy, which caused Plaintiff to lose accreditation. Dkt. 23, 57, 60-63, 67, 72. However, this contention is not supported by the facts Plaintiff presented to the Court. Dkt. 23, Ex. F. Another opportunity for Plaintiff to amend its Amended Complaint would "prejudice [Defendant] by having [it] respond to baseless allegations." *In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d at, 391. Therefore, all four counts of Plaintiff's Amended Complaint are dismissed with prejudice.

### IV. CONCLUSION

Accordingly, for the reasons stated above, the Motion is GRANTED, and this case is hereby DISMISSED with prejudice.

It is SO ORDERED.

/s/

Rossie D. Alston, Jr.
United States District Judge

Alexandria, Virginia
November 14, 2019

16